UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YESENIA FRANCO and KAFIL
TUNSILL,

     Plaintiffs,

v.

                                    Case No.: 3:26-cv-1464-JEP-SJH

LAURA VAN DE VELDE,
VANESSA GRISALES and
PERCAPITA LLC,

     Defendants.

_____/

## ORDER

**THIS CAUSE** is before this Court on *sua sponte* review of the Amended

Complaint (Doc. 11). On June 4, 2026, Plaintiffs initiated this action against

Defendants Laura Van De Velde, Vanessa Grisales, and Percapita LLC. (Doc.

1 at 1). This Court dismissed the initial complaint as a shotgun pleading and

ordered Plaintiffs to replead. (*See* Doc. 6 at 6). Upon review, the amended

complaint is still a shotgun pleading and will be dismissed.

As this Court previously explained, a pleading must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a). "The failure to identify claims with sufficient clarity to enable

the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"

*Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005)[1]

(citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001)).

> The Eleventh Circuit has identified shotgun pleadings as those that:

> (1) "contain[ ] multiple counts where each count adopts the allegations of all preceding counts"; (2) do not re-allege all the proceeding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against.

*Sahran v. Mia. Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020) (quoting

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir.

2015)).

While Plaintiffs fixed the shotgun issues this Court previously identified,

the amended complaint is now deficient in other respects. A complaint should

not include "scattered legal arguments, legal standards, legal conclusions," or

"citations to legal authorities" in the factual allegations, *Arrington v. Green*,

757 F. App'x 796, 798 (11th Cir. 2018), and the counts should only specify the

"source of law and/or . . . legal theory upon which [Plaintiffs assert] liability,"

*Gibbons v. McBride*, No. CV 114-056, 2014 WL 5460593, at *4 (S.D. Ga. Oct.

---

[1] This Court does not rely on unpublished Eleventh Circuit opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

27, 2014). Here Plaintiffs include improper legal arguments and citations throughout their amended complaint. (*See, e.g.*, Doc. 11, ¶¶ 4, 26, 41, 44, 48–50, 68–71, 78, 85, 89); (*see also id.* at 1, 60–62). Such legal citations and arguments "have no place in a complaint." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint." (citation omitted)).

In addition, the amended complaint includes other "conclusory, vague, [or] immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Now that Plaintiffs have clarified what counts are asserted and against which Defendants, many of the allegations do not appear to be related to any particular cause of action. (*See, e.g.*, Doc. 11, ¶¶ 11, 14, 35) (alleging unrelated educational background, criminal conduct, and possession of "highly sensitive personal information"). Indeed, much of the complaint's factual allegations are more aptly described as legal arguments, not a recitation of facts, (*see, e.g.*, *id.* ¶¶ 15, 21), and many of the paragraphs include a mix of factual and legal assertions, (*see, e.g.*, *id.* ¶¶ 23, 27, 34); *see also Cramer v. Sec'y, DOC*, No. 3:13-cv-262-J-99MMH-JRK, 2013 WL 12637862, at *1 (M.D. Fla. Sept. 10, 2013) ("[A] Complaint should state facts, not legal opinions, theories, or a rambling narrative.").

Lastly, while the initial complaint included some extensive paragraphs,

the amended complaint now includes numerous paragraphs that span multiple pages. (*See, e.g.*, Doc. 11, ¶¶ 22, 61). However, each paragraph in a complaint should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In sum, the 63-page amended complaint is a far cry from "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and will be dismissed without prejudice, *see Arrington*, 757 F. App'x at 798 (affirming dismissal of a complaint when it included extensive legal arguments). Plaintiffs shall file a second amended complaint, but they are cautioned that failure to correct these deficiencies may result in dismissal of this action without further notice.[2]

In light of the foregoing, it is **ORDERED**:

1. Plaintiffs' "Amened Verified Complaint for Damages and Injunctive Relief [and] Demand for Jury Trial" (Doc. 11) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **July 1, 2026**, Plaintiffs shall file a second amended

---

[2] The Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, pro se litigants may call the Clerk's Office at (904) 549-1900 or visit the Clerk's Office check-in window. The Clerk's Office is located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202. A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.

complaint in compliance with this Order and all Local Rules and Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Jacksonville, Florida on June 17, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
*Pro Se* Plaintiffs