UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| **YESENIA FRANCO** (a/k/a YESENIA ROSE), and **KAFIL TUNSILL,** Plaintiffs, v. **LAURA VAN DE VELDE** (a/k/a Laura Hendrik Camille Van De Velde), **VANESSA GRISALES, and PERCAPITA LLC,** Defendants. | § § § § § § § § § § § § § § § | CASE NO.: 3:26-cv-01464-JEP-SJH TYPE OF CASE: Civil Action Federal Question |

## SECOND AMENDED VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, YESENIA FRANCO a/k/a YESENIA ROSE

(hereinafter "Plaintiff Franco") and KAFIL TUNSILL (hereinafter "Plaintiff

Tunsill"), appearing Pro Se, and sue the Defendants, LAURA VAN DE VELDE

(a/k/a Laura Hendrik Camille Van De Velde), VANESSA GRISALES and

PERCAPITA LLC (collectively, "Defendants"), and allege:

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert a civil claim arising under 18 U.S.C. § 1964(c) (Civil RICO).

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this judicial district. Defendant Vanessa Grisales resides in and operates her business entity from Orange County, Florida.

4. This Court has personal jurisdiction over Defendant Van de Velde because she directed tortious conduct into Florida by engaging a Florida resident and a Florida LLC to execute the campaign alleged herein.

## PARTIES

5. Plaintiff Yesenia Franco is a California resident and a public figure with an established audience of over 89,700 followers across multiple social media platforms. Her address is filed pursuant to the Court's Order (Doc. 9).

6. Plaintiff Kafil Tunsill is a resident of Jacksonville, Duval County, Florida. His mailing address is P.O. Box 364, Jacksonville, Florida 32201.

2

7. Defendant Laura Van de Velde is a Belgian national. Her last known documented U.S. mailing address is 3350 Toledo Terrace, Apt. 404, Hyattsville, Maryland 20782.

8. Defendant Vanessa Grisales is an individual residing at 1938 Melvin Ave, Orlando, Florida 32806. She is the Registered Agent, Trustee, and sole member of PERCAPITA LLC. She regularly used @infinitecurrent11 to advertise and solicit commercial business for PERCAPITA LLC, including publishing real estate property listings and soliciting construction services for accessory dwelling units, demonstrating that the account served as a commercial platform for PERCAPITA LLC's business operations to (approximately 18,000 followers). True and correct copies of representative commercial posts published on @infinitecurrent11 advertising PERCAPITA LLC's real estate and construction services are attached hereto as **Exhibit B.**

9. Defendant PERCAPITA LLC is a Florida Limited Liability Company (Document No. L22000483193), with its principal address at 777 N Orange Ave, Orlando, Florida 32801. Defendant Grisales uses PERCAPITA LLC as her commercial platform.

## **FACTUAL ALLEGATIONS**

10. In October 2025, Defendant Van de Velde observed Plaintiff Franco's public social media platform and contacted Plaintiff Franco to request mentorship.

3

11. On October 17, 2025, Defendant Van de Velde executed a Hold Harmless and Indemnity Agreement and a Notice of Non-Disclosure and Private Agreement (collectively, the "NDA") with Plaintiff Franco. A true and correct copy of the Hold Harmless & Indemnity Agreement & NDA is attached hereto as **Exhibit A**.

12. Under the NDA, Defendant Van de Velde agreed that all communications and materials shared between the parties were private and would not be disclosed without prior written consent.

13. Between November 13, 2025 and January 20, 2026, Defendant Van de Velde made voluntary transfers totaling $7,000.00 to Plaintiff Franco. These transfers were explicitly labeled and referred to by Defendant Van de Velde as a "donation" at "grandfathered price."

14. Following these communications, Plaintiff Franco provided mentorship and document review services to Defendant Van de Velde.

15. In January 2026, Plaintiff Franco published content to her social media audience of approximately 89,700 followers addressing the risks of certain ideological content.

16. Defendant Grisales's commercial platform operated in the same general subject matter space as Plaintiff Franco's platform.

17. On January 31, 2026 and February 4, 2026 –after Franco's public pivot – Defendant Grisales published post on Instagram (@infinitecurrent11) expressing personal animosity toward Franco.

18. On March 19, 2026, Defendant Van de Velde demanded a full refund of the $7,000.00, citing her ongoing divorce proceedings as the basis for the request.

19. On March 22, 2026, Defendant Van de Velde threatened to file complaints against Plaintiff Franco if a partial refund of $3,500 was not paid within 72 hours.

20. On March 24, 2026, Plaintiff Franco offered a $3,500 goodwill settlement. On April 1, 2026, Defendant Van de Velde formally rejected the settlement and informed Plaintiff Franco to expect a formal response.

21. After the settlement rejection, Defendant Van de Velde contacted Defendant Grisales and disclosed confidential information in breach of the October NDA, including a false account characterizing the $7,000.00 donation as theft.

22. On May 31, 2026, Defendant Grisales published a post on her Instagram account (@infinitecurrent11) demanding that Plaintiff Franco take corrective action or face public exposure of her business operations.

23. On June 1, 2026, Defendant Grisales published a second Instagram post falsely accusing Plaintiff Franco of theft and fraud, and demanding the return of "thousands of dollars" to Defendant Van de Velde.

24. In the same June 1, 2026 post, Defendant Grisales falsely accused Plaintiff Franco of illegal drug use.

25. On or about June 1, 2026, Defendant Grisales published a post on Instagram falsely accusing Plaintiff Franco of theft. In the same video, Defendant Grisales demanded that Plaintiff Franco return the funds to Defendant Van de Velde.

26. Third-party commenters on Defendant Grisales's posts publicly accused Plaintiff Franco of crimes including extortion, racketeering, tax evasion, and drug selling. Defendant Grisales ratified these statements by actively participating in the thread without correcting them.

27. A documented prospective mentee (@azynaffit84) publicly cited the posts as her reason for disengaging and plaintiff also lost approximately 20 members from her Freedom Codes Academy, which is an educational platform shortly thereafter.

28. On June 3, 2026, after Instagram removed Defendant Grisales's post for violating Community Standards, Defendant Grisales immediately reposted the identical content.

29. On or about June 13, 2026, Defendant Grisales published a video explicitly mocking Plaintiff's federal complaint.

30. Defendant Grisales also publicly stated her intention to recruit third parties to file false police reports against Plaintiff Franco.

31. The defamatory posts and demands were published to an audience of approximately 18,000 followers and included identifying information about Plaintiff Franco and Plaintiff Tunsill.

32. As a result of the escalating threats, Plaintiff Franco received comments threatening her physical safety.

33. Due to these death threats, Plaintiff Franco was compelled to report the conduct to her local Police Department (California), the Orlando Police Department (Florida), and the Federal Bureau of Investigation's Internet Crime Complaint Center (IC3)/Cyber Crime Division.

34. As a direct result of the publications, Plaintiff Tunsill was forced to cancel paid educational classes.

35. As a direct result of the publications, Plaintiff Franco lost revenue from prospective clients and approximately 20 members from her educational platform known as Freedom-Codes.

36. As a direct result, Plaintiff Franco suffered severe emotional distress manifesting in physical symptoms requiring medical attention.

37. The campaign has caused Plaintiffs severe emotional distress and reputational harm.

## CAUSES OF ACTION

## COUNT I: CIVIL RICO (18 U.S.C. § 1962(c) and (d))

### (By Both Plaintiffs against All Defendants)

38. Plaintiffs incorporate paragraphs 1 through 37.

39. Defendants Van de Velde and Grisales are each a "person" within the meaning of 18 U.S.C. § 1961(3). PERCAPITA LLC is identified as part of the enterprise infrastructure through which Defendant Grisales conducted the enterprise's affairs.

40. Defendants Van de Velde and Grisales formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4). The enterprise had an ascertainable structure: Defendant Van de Velde served as the directing principal, supplying private communications, financial records, and identifying information about Plaintiffs; Defendant Grisales served as the publication arm, using her Instagram platform and PERCAPITA LLC's commercial infrastructure to broadcast false accusations and extortion demands to approximately 18,000 followers. The enterprise operated across state lines, with Defendant Van de Velde directing the campaign from Maryland and Defendant Grisales executing it in Florida, as further evidenced by the commercial posts attached as **Exhibit B**.

41. Defendants conducted and participated in the conduct of the enterprise's affairs through a pattern of racketeering activity, specifically:

(a) Interstate extortion in violation of 18 U.S.C. § 875(d): On March 22, 2026, Defendant Van de Velde transmitted a threat via interstate electronic communication demanding a $3,500.00 payment under threat of filing complaints.

8

On May 31 and June 1, 2026, Defendant Grisales transmitted demands via Instagram requiring Plaintiff Franco to return funds under threat of continued public defamation.

(b) Wire fraud in violation of 18 U.S.C. § 1343: Defendants used interstate wire communications, including Instagram, email, and electronic messaging, to execute a scheme to obtain money by false pretenses — specifically, by falsely characterizing a voluntary donation as a theft in order to pressure Plaintiff Franco into returning funds she was not legally obligated to return.

(c) Cyberstalking in violation of 18 U.S.C. § 2261A(2): Between May 31 and June 12, 2026, Defendants engaged in a course of conduct using interactive computer services with the intent to harass and cause substantial emotional distress to Plaintiff Franco, including publishing false criminal accusations, mocking her federal complaint, coordinating third parties to file false police reports, and publicly stating the goal of having her arrested.

42. The predicate acts described in paragraph 41 were related — each was committed in furtherance of the same scheme to coerce Plaintiff Franco into returning the $7,000.00 through financial pressure, reputational destruction, and fear of arrest. The predicate acts constitute open-ended continuity: Defendant Grisales has expressly stated she will not stop, has continued publishing content after this action was filed, and has actively recruited additional third parties to continue the campaign, demonstrating a threat of continuing racketeering activity.

9

43. Defendants also conspired to violate 18 U.S.C. § 1962(c) within the meaning of § 1962(d) by agreeing to conduct the enterprise's affairs through the pattern of racketeering activity described above.

44. As a direct and proximate result of Defendants' racketeering activity, Plaintiffs suffered concrete injury to their business and property, including lost consulting revenue and cancelled paid instructional classes, in an amount to be determined at trial. Plaintiffs are entitled to treble damages, costs, and attorneys' fees pursuant to 18 U.S.C. § 1964(c).

## COUNT II: DEFAMATION PER SE

### (By Plaintiff Franco against All Defendants)

45. Plaintiffs incorporate paragraphs 1 through 37.

46. Defendants published false statements to third parties accusing Plaintiff Franco of crimes, including theft, illegal drug use, and perjury.

47. Defendant Van de Velde is liable as a co-publisher who supplied the false information.

48. At the time of the publications, Plaintiff Franco was an enrolled student member of the Association of Certified Fraud Examiners (ACFE). The false accusation of theft, fraud, and criminal conduct are inherently incompatible with

10

the ACFE's Code of Professional Ethics and damaged her standing and reputation in that professional community.

49. The statements were published with actual malice.

50. The statements caused presumed and actual damages to Plaintiff Franco's reputation.

## COUNT III: DEFAMATION PER SE

### (By Plaintiff Tunsill against All Defendants)

51. Plaintiffs incorporate paragraphs 1 through 35.

52. Defendants published false statements to third parties concerning Plaintiff Tunsill, accusing him of conduct incompatible with his profession.

53. Defendant Van de Velde is liable as a co-publisher who supplied the false information.

54. The statements were published with actual malice.

55. The statements caused presumed and actual damages to Plaintiff Tunsill's professional reputation.

## COUNT IV: CIVIL CONSPIRACY

### (By Both Plaintiffs against All Defendants)

56. Plaintiffs incorporate paragraphs 1 through 35.

57. Defendants entered into an agreement to accomplish the unlawful extortion and defamation of Plaintiffs.

58. Defendants committed overt acts in furtherance of this conspiracy.

59. As a direct result, Plaintiffs suffered damages.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By Both Plaintiffs against All Defendants)

60. Plaintiffs incorporate paragraphs 1 through 37.

61. Defendants' conduct in coordinating an extortion campaign and publishing false criminal accusations was intentional, reckless, and malicious.

62. This conduct was extreme and outrageous.

63. As a direct result, Plaintiffs suffered severe emotional distress.

## COUNT VI: TORTIOUS INTERFERENCE

### (By Plaintiff Franco against All Defendants)

64. Plaintiffs incorporate paragraphs 1 through 35.

65. Plaintiff Franco possessed advantageous business relationships with her clients.

66. Defendants had knowledge of these relationships and intentionally interfered with them by publishing false accusations.

67. As a direct result, Plaintiff Franco suffered financial damages.

68. As a further result of the severe emotional distress caused by Defendants' campaign, Plaintiff Franco experienced disruption in her relationship with her minor son, including being restricted from accessing his social media account. The

timing of this disruption occurring shortly after Defendants published the defamatory posts caused Plaintiff Franco additional emotional anguish.

## COUNT VII: BREACH OF CONTRACT

### (By Plaintiff Franco against Defendant Van de Velde)

69. Plaintiffs incorporate paragraphs 1 through 20.

70. Plaintiff Franco and Defendant Van de Velde entered into a valid NDA on October 17, 2025. A true and correct copy of the Hold Harmless & Indemnity Agreement & NDA is attached hereto as **Exhibit A.**

71. Plaintiff Franco fully performed her obligations.

72. Defendant Van de Velde breached the contract by disclosing private communications and confidential information to Defendant Grisales without consent.

73. As a direct result, Plaintiff Franco suffered damages.

## COUNT VIII: CYBERSTALKING (Fla. Stat. § 784.0485)

### (By Plaintiff Franco against Defendants Grisales and Van de Velde)

74. Plaintiffs incorporate paragraphs 1 through 37.

75. Defendants engaged in a course of conduct using electronic communications with the specific intent to harass and cause substantial emotional distress to Plaintiff Franco.

76. As a direct result, Plaintiff Franco has suffered substantial emotional distress.

## COUNT IX: VIOLATION OF FDUTPA

### (By Plaintiff Franco against Defendant Grisales and PERCAPITA LLC)

77. Plaintiffs incorporate paragraphs 1 through 37.

78. Plaintiff Franco is a "consumer" who purchased course materials from Defendant Grisales.

79. Defendant Grisales, acting individually and through PERCAPITA LLC, engaged in deceptive acts or unfair practices in trade or commerce by using a commercial platform to execute an extortion campaign as further demonstrated by the commercial posts attached as **Exhibit B**.

80. As a direct result, Plaintiff Franco suffered actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants and award the following relief:

A. Compensatory damages in an amount to be determined at trial;

B. Treble damages pursuant to 18 U.S.C. § 1964(c);

C. Punitive damages in an amount to be determined by the jury;

D. Injunctive relief ordering Defendants to delete defamatory posts and cease further publication;

E. Cost of suit and reasonable attorneys fees if Plaintiffs retain counsel; and

F. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

_____

YESENIA FRANCO
Plaintiff, Pro Se
P.O. Box 364
Jacksonville, Florida 32201
yeseniafranco07@yahoo.com

_____

KAFIL TUNSILL
Plaintiff, Pro Se
P.O. Box 364
Jacksonville, Florida 32201
(904) 576-8981
Servinghumanity89@gmail.com

15

## VERIFICATION

We, YESENIA FRANCO and KAFIL TUNSILL, being duly sworn and under penalty of perjury pursuant to 28 U.S.C. § 1746, hereby declare and state as follows: We are the Plaintiffs in the above-captioned action and have personal knowledge of the facts set forth in the foregoing Verified Complaint. We have read the foregoing Complaint and know the contents thereof. The allegations contained in the Complaint are true and correct to the best of our knowledge, information, and belief. We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: ___July 1___, 2026

_Yesenia Franco_____
YESENIA FRANCO, Plaintiff, Pro Se

_Kafil Tunsill_____
KAFIL TUNSILL, Plaintiff, Pro Se

16